# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CESAR GALVAN CORTES,<br><br>Defendant. | CASE NO. 1:11-CR-00304-(1)-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S § 3582 MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br>(Doc. 72) |

Before the Court is Defendant Cesar Galvan Cortes's *pro se* motion to reduce his sentence (Doc. 72), under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Federal Defender's Office declined to supplement the motion. *See* Doc. 74. The Government opposes the motion on the basis that the Defendant is not eligible for a reduction under § 1B1.10. *See* Doc. 76. Upon review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny the motion.

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

I.  BACKGROUND

On March 26, 2011, the Defendant pled guilty to a two-count Superseding Information for using a communications facility to facilitate a drug-trafficking crime, a violation of 21 U.S.C. § 843(b). *See* Doc. 34.

Prepared by the U.S. Probation Office, the PSR found the amount of drugs attributed to Petitioner was 2.195 kilograms of actual methamphetamine. PSR at ¶¶ 6, 11. Pursuant to §§ 2D1.1(c)(1), the PSR recommended a base offense level of 38 (based on the amount of methamphetamine involved in the case) and his criminal history was category I (based on 0 criminal history points). PSR ¶¶ 11, 21. Pursuant to § 2D1.1(b)(1), because one of the co-defendants was armed with a loaded pistol during the drug transaction, the PSR recommended a two-level increase, for an adjusted offense level of 40. PSR ¶ 12. Pursuant to § 3B1.1(c), the PSR recommended an additional two-level increase because of Defendant's aggravating role in the offense, for an adjusted offense level of 42. PSR ¶ 13.  Pursuant to §§ 3E1.1(a) and (b), Defendant's acceptance of responsibility warranted a three-level reduction, for an adjusted total offense level of 39. PSR ¶¶ 16-17. The Guideline range for a defendant with an offense level of 39 and a criminal history category I was 262-327 months imprisonment. U.S.S.G. Ch. 5, Pt. A. However, the statutorily authorized maximum sentence for the relevant crimes was 48 months per count. 21 U.S.C. § 843(b). Therefore, pursuant to § 5G1.1(a), the PSR recommended a sentence of 48 months per count, for a total of 96 months. PSR ¶ 33.

At sentencing on June 6, 2012, the Court rejected the PSR's recommendation for a two-level increase for Defendant's role in the offense, but otherwise accepted the PSR. Doc. 51. Thus, Defendant's adjusted total offense level was   37 and his criminal history category remained I. *Id.* The Guideline range for a defendant with an offense level of 37 and a criminal history category I was 210-262 months. U.S.S.G. Ch. 5, Pt. A. Applying the statutorily authorized maximum sentence under § 5G1.1(a) for each of the two counts, the Court calculated Defendant's sentencing range as 48 months for each count, for a total of 96 months. Doc. 51. Exercising a downward departure, the Court imposed a sentence of 86 months imprisonment, 12 months supervised release, and a $200 special assessment. *Id.*

## II.   LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."[2] *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted).

---

[2] The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

3

## III. DISCUSSION

Defendant Cortes requests a reduction in his sentence under Amendment 782, enumerated in U.S.S.G. § 1B1.10(d). (Doc. 72).

The initial inquiry of whether a defendant is eligible for sentence reduction is informed by the Sentencing Commission's constraints on the Court's authority to modify a sentence. *Dillon*, 560 U.S. at 825-26. Section 3582 permits a sentence reduction only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to § 1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2)(B).

Although the adjusted drug quantity table reduces Defendant Cortes's base offense level by two levels, (Amendment 782; § 1B1.10), this does not affect his sentence. The Amendment was to § 2D1, but when evaluating a § 3582(c)(2) motion, a district court "shall substitute" the amended Guidelines range for the initial range, and "shall leave all other guideline application decisions unaffected." *Dillon*, 560 U.S. at 831 (citing § 1B1.10(b)(1)).

Here, the original sentencing guideline range was 210-262 months (based on a total offense level of 37 and a criminal history category I). *See* U.S.S.G. Ch. 5, Pt. A. The Court did not use that guideline range, however, because where the bottom of the guideline range (210 months) exceeds the statutorily authorized maximum sentence for the offense of conviction (here, 48 months), the statutory maximum controls. *See* § 5G1.1(a); Doc. 51. The practical effect of the two-level reduction yields the same result. The post-Amendment guideline range is 168-210 months (based on a reduced base offense level of 35 with an unchanged criminal history category of I). The low end of the range – 168 months – is still higher than 48 months, the statutory maximum sentence authorized per count under § 5G1.1(a). In sum, because § 5G1.1(a) served as the basis for the original sentence, the Amendment has not reduced the guideline range applicable in Defendant's case. *See* Amendment 782; § 1B1.10; § 2D1.1; *Dillon*, 560 U.S. at 831; *United States v. Paulk*, 569 F.3d 1094, 1096 (9th Cir. 2009).

Ultimately, because the application of the Amendment does not have the effect of lowering Defendant's applicable guideline range, the Court does not have the authority to modify Defendant's sentence and § 1B1.10(a)(2)(B) militates finding that no such reduction may occur. *Dillon*, 560 U.S. at 825-26; *see also United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules). Therefore, the answer at step one is that Defendant is ineligible for a sentence reduction. As the answer at step one is "No," the Court does not proceed to step two. *See* U.S.S.G. § 1B1.10; *Dunn*, 728 F.3d at 1155.

### IV. CONCLUSION AND ORDER

The Court concludes that Defendant Cortes has no basis for seeking a reduction, thus his motion is denied. *See* § 1B1.10(a)(2)(B); *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curium) (finding a defendant ineligible for sentence reduction and denying § 3582 motion where sentencing range was unaffected by Amendment 782). Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cesar Galvan Cortes's motion to reduce his sentence (Doc. 72) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **June 3, 2016**              /s/ Lawrence J. O'Neill
                                       UNITED STATES CHIEF DISTRICT JUDGE